IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TERESA S.,

    Plaintiff,

v.                                         Civil Action No. 2:25-cv-116

FRANK BISIGNANO,[1]
*Commissioner of Social Security*,

    Defendant.

### MEMORANDUM OPINION

This is an action seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying the application of Teresa S. ("Plaintiff") for disability insurance benefits under the Social Security Act. On December 23, 2025, Magistrate Judge Robert J. Krask issued a Report and Recommendation ("R&R"), recommending that the Court affirm the final decision of the Commissioner. Dkt. No. 14, at 42. Plaintiff filed an objection to the R&R, asserting errors related to the evaluation of two medical opinions by the Administrative Law Judge ("ALJ"). Dkt. No. 15. For the reasons stated below, the Court will adopt the R&R and overrule Plaintiff's objections.

---

[1] On May 7, 2025, the United States Senate confirmed Frank J. Bisignano to a six-year term as the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Bisignano should be substituted for former Acting Commissioner Leland Dudek as the defendant in this matter.

## I.    STANDARD OF REVIEW

This Court reviews *de novo* any part of the R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "For an objection to trigger de novo review, it must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Gregory H. v. Saul*, No. 7:18-cv-342, 2019 WL 4280334, at *1 (W.D. Va. Sep. 10, 2019) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Objections must point to "a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (first citing *United States v. Mertz*, 376 U.S. 192 (1964); and then citing *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980)). The Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

This Court will uphold an ALJ's Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (first citing *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015); and then citing 42 U.S.C. § 405(g)). "Substantial evidence is that which 'a reasonable mind might accept as adequate to support a conclusion.'" *Pearson*, 810 F.3d at 207 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Substantial evidence thus requires "more than a mere scintilla of evidence but may be less than a preponderance" of the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)). Between these two evidentiary thresholds lies a "zone of choice" wherein the ALJ's decision can go either way without interference by the courts. *See Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (citation omitted). "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting

evidence, make credibility determinations, or substitute our judgment' for the ALJ's." *Arakas*, 983 F.3d at 95 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

## II.    BACKGROUND

Plaintiff applied for disability benefits in March 2022, alleging disability beginning in April 2021. *See* R. 14, 197. Plaintiff asserts that she is unable to work due to a combination of mental and physical health impairments, including post-traumatic stress disorder, schizophrenia, bipolar disorder, anxiety, major depressive disorder, panic attacks, high blood pressure, diabetes, anemia, acid reflux, and social anxiety disorder. *Id*. at 39–40, 280. According to Plaintiff, these disabilities, even when managed with medication, cause nightmares and "aspects of psychosis," paranoia, difficulty going out in public and talking to others, and depression. *Id*. at 39–40. These conditions, which were either caused or exacerbated by an incident at Plaintiff's former job where she was berated by a supervisor, allegedly prevent Plaintiff from being able to work. *Id.* at 39.

The ALJ denied Plaintiff's request in a written decision. The ALJ found that Plaintiff was not disabled because she had the residual functional capacity to perform medium work with several limitations. *Id.* at 20. In finding Plaintiff not disabled, the ALJ considered the medical opinions of several medical professionals, most relevant here Amanda Kubin, PA-C ("PA Kubin"), a behavioral health provider, and Erin McMenamin, LCSW ("LCSW McMenamin"), a licensed clinical social worker. *Id.* at 25–26. The ALJ found PA Kubin's opinions partially persuasive and LCSW McMenamin's opinion not fully persuasive. *Id.* The Appeals Council denied Plaintiff's request for review. R. 1–6. The ALJ's decision is the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. §§ 405(h), 1383(c)(3); 20 C.F.R. § 404.981.

Plaintiff then filed suit in this court, appealing the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. The Court referred the matter to the Magistrate Judge for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B), Dkt. No. 6, and the parties briefed Plaintiff's appeal, Dkt. Nos. 11, 12, 13. Upon review, the Magistrate Judge recommended that the Court deny Plaintiff's appeal and affirm the decision of the Commissioner. Dkt. No. 14. As is relevant here, the Magistrate Judge found that the ALJ's evaluation of the opinion evidence complied with the controlling regulations and was supported by substantial evidence. *Id*. at 42. Plaintiff timely objected to the R&R, to which the Commissioner responded. Dkt. Nos. 15, 16.

## III.    ANALYSIS

Plaintiff raises several objections related to the ALJ's assessment of the medical opinions of PA Kubin and LCSW McMenamin, arguing that the ALJ's findings were not supported by substantial evidence and that the ALJ misapplied several standards related to the analysis of the medical opinions. Dkt. No. 15, at 2–10. For the reasons explained below, the Court has conducted a *de novo* review of Plaintiff's objections and overrules them. To the extent that Plaintiff lodges objections the Court has not ascertained, the Court has reviewed the remainder of the R&R for clear error and finds none. *See Lee v. Saul*, No. 2:18-cv-214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

When evaluating medical opinions, an ALJ may not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [a plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must consider and explain the persuasiveness of each medical opinion in the record. *Id.* § 404.1520c(b).

In analyzing a medical opinion's persuasiveness, the "most important factors" are "supportability" and "consistency." *Id.* § 404.1520c(a). The ALJ must explain how she considered these factors in her analysis. *Id.* "Supportability" means the extent to which a medical source's opinion is supported by relevant "objective medical evidence" and the source's "supporting explanations." *Id.* § 404.1520c(c)(1). "Consistency" means the extent to which the opinion is consistent "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2). Additional factors include the medical source's relationship with the claimant, specialization, and other factors such as the source's familiarity with other medical evidence and the Social Security Administration's policies and requirements. *Id.* § 404.1520c(c)(3)–(5). The ALJ may, but is not required to, address how she considered these additional factors in her analysis. *Id.* § 404.1520c(b)(2).

The ALJ's analysis "must build an accurate and logical bridge from the evidence to [her] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. at 34,478 (July 2, 1996)) (explaining the "assessment must include a narrative discussion describing how the evidence supports each conclusion"). While "[e]ach step of an ALJ's decision must . . . provide sufficient detail to ensure meaningful judicial review[,] . . . the decision must also be read and considered in its entirety." *Dennis B. v. Comm'r of Soc. Sec.*, No. 2:21-cv-612, 2023 WL 2646303, at *4 (E.D. Va. Mar. 27, 2023) (citing *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (per curiam)). As such, the ALJ need not repeat factual findings or evidence listed elsewhere in a decision. *See Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016). Moreover, the ALJ need not use "particular language or adhere[] to any particular format in a decision, so long as the ALJ reasonably articulates her

decision so that a reviewing court can trace the path of the adjudicator's reasoning." *Boyd v. Kijakazi*, No. 2:21-cv-29, 2022 WL 949904, at \*2 (E.D. Va. Mar. 29, 2022) (citation modified). However, the ALJ must consider "all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

### A. PA Kubin

Plaintiff was treated by PA Kubin at Seaside Behavioral Health shortly before the alleged onset of her disabilities and for several months thereafter. PA Kubin's relevant medical records were summarized by the Magistrate Judge, and Plaintiff does not dispute this summary. In short, between May 6, 2021, and September 14, 2021, PA Kubin saw Plaintiff on seven occasions. R. 409–21. During this period, PA Kubin completed several mental health evaluations. PA Kubin noted during the May 6 appointment that it was unclear whether Plaintiff was "having a trauma response [versus a] delusional disorder." *Id.* at 409. During that same visit, PA Kubin noted that Plaintiff exhibited restless behavior, anxiety, difficulty paying attention, paranoia regarding her supervisor, and poor judgment and insight. *Id.* Plaintiff reported moderate improvement of her condition to PA Kubin on June 9, June 23, and July 14, 2021. *Id.* at 413–17. On June 29, 2021, PA Kubin filled out a mental health evaluation for Plaintiff, in which she noted that Plaintiff had a "brief psychotic disorder" and generalized anxiety disorder, was "feeling intense fear she [would] be harmed by [her] supervisor," and would be able to return to work after there was a change in Plaintiff's work location. *Id.* at 383–84. PA Kubin also performed a functional assessment of Plaintiff, noting (most relevant to the dispute here) that Plaintiff had moderate-to-severe limitations in her ability to maintain socially appropriate behavior, request assistance, and respond

appropriately to criticism. *Id.* at 384. PA Kubin later opined that Plaintiff would be able to return to work by September 14, 2021, provided there was a change in her work location, and listed major depressive disorder as Plaintiff's primary diagnosis. *Id.* at 401. During their final meeting, PA Kubin amended Plaintiff's return-to-work date to October 13, 2021, and noted that Plaintiff's brief psychosis was resolved. *Id.* at 432.

The ALJ found PA Kubin's opinion partially persuasive, stating:

> The mental health evaluation of [PA Kubin], . . . is partially persuasive. The opinion that the claimant had a moderate limitation in ability to maintain concentration for extended periods of time is consistent with the claimant's mental status examinations, ongoing need for outpatient mental health treatment, and daily activities. However, a moderate-severe limitation in abilities to maintain socially appropriate behavior, request assistance, and respond appropriately to criticism due to being 'paranoid about [her] supervisor' is based on subjective complaints alone. In addition, the none to mild limitations cited with respect to all other categories fails to take adequate consideration of her fluctuating symptoms, ongoing anxious moods, low stress tolerance, fears, hallucinations, and need for psychotropic medications. [PA Kubin's] opinion(s) that the claimant was totally unable to work . . . are issues reserved to the Commissioner, and the stated estimated ready to return to work dates are speculative. Her statement(s) that the claimant is able to articulate, able to understand, remember, and carry out instruction, able to make simple decisions, ab[le] to perform simple tasks, able to perform complex tasks, and able to maintain attention and concentration, regulates emotion/affect, NOT experiencing significant mood swings, no panic attacks, and can return to work in a new work environment, are partially persuasive. This statement was made in August 2021, just a few months after the work incident. . . . At that time, the provider did not have the benefit of longitudinal observation of the claimant's response to treatment and medication, and subsequent observations and examinations by other sources indicate that the claimant was limited [in] her areas such as performing complex tasks and maintaining attention and concentration by persistent anxiety, stress reactions, and psychosis. Thus, her statement that the claimant was ready to return to full time work with a new work location in September 2021 was premature.

*Id.* at 25–26.

At issue, both on appeal and in Plaintiff's objection, is the ALJ's statement that "a moderate-severe limitation in abilities to maintain socially appropriate behavior, request assistance, and respond appropriately to criticism due to being 'paranoid about [her] supervisor' is

based on subjective complaints alone." *Id.* at 25 (citations omitted). Plaintiff argued before the Magistrate Judge that the ALJ's decision "improperly overemphasized the need for objective clinical signs to evaluate impairments which cause entirely subjective symptoms." Dkt. No. 11, at 13 (internal citations omitted). Plaintiff also argued that the ALJ failed to consider whether PA Kubin's medical opinions were supported by her medical findings and that the ALJ's consistency analysis was lacking. *Id.* at 14–15.

The Magistrate Judge disagreed, finding that the ALJ did not reject Plaintiff's subjective complaints or find Plaintiff's subjective complaints "incredible," noting instead that "the ALJ only explained that PA Kubin based this limitation on [P]laintiff's subjective complaints." Dkt. No. 14, at 36 n.19. The Magistrate Judge also concluded that the ALJ properly analyzed the supportability factor by considering all relevant evidence when weighing PA Kubin's medical opinion. *Id.* at 37–38. Finally, given the "ALJ's many citations and references to the record . . . discussing [P]laintiff's medications, symptoms, treatment[,] and statements," the Magistrate Judge rejected Plaintiff's consistency argument as well. *Id.* at 38.

Plaintiff raises two objections related to PA Kubin's opinion, which the Court considers in turn.

### 1. Plaintiff's moderate-to-severe limitations were not rejected because they were "based on subjective complaints alone"

Plaintiff first argues that the Magistrate Judge engaged in post hoc rationalization in that the Magistrate Judge "supplant[ed] his own belief regarding what the ALJ might have intended to mean" in place of what the ALJ said. Dkt. No. 15, at 3. Plaintiff argues that the ALJ necessarily found Plaintiff's complaints not credible because the ALJ rejected the moderate-to-severe limitations because they were based solely on Plaintiff's subjective complaints. *Id.* at 2. However, the Court agrees with the Magistrate Judge that, when considered in the context of the entirety of

the ALJ's opinion, the ALJ did no such thing. As such, the ALJ did not err in the consideration of Plaintiff's subjective complaints and the Magistrate Judge did not engage in post hoc rationalization.[2]

As the Magistrate Judge explained, as part of the supportability analysis, the "ALJ [must] consider how 'objective medical evidence and supporting explanations presented by a medical source . . . support his or her medical opinions.'" *Hyacinth L. v. Comm'r of Soc. Sec.,* No. 2:20-cv-641, 2022 WL 9833349, at *13 (E.D. Va. Apr. 29, 2022) (quoting 20 CFR § 404.1520c(c)(1)). Here, PA Kubin's medical opinion on Plaintiff's ability "to maintain socially appropriate behavior, request assistance, and respond appropriately to criticism" was based entirely on Plaintiff's subjective complaints. R. 383–84. The ALJ appropriately noted what evidence supported PA Kubin's opinion. *Id.* 25–26 (limitations were "based on subjective complaints alone"). The Court agrees that "the ALJ only explained that PA Kubin based this limitation on plaintiff's subjective complaints, not that the ALJ found these complaints incredible." Dkt. No. 14, at 36 n.19.

Plaintiff contends that the ALJ's "rationale is ambiguous." Dkt. No. 15, at 2–3. But context matters. As the Magistrate Judge noted, the limitations at issue concerned Plaintiff's self-reported paranoia about returning to work *with her former supervisor. See* Dkt. No. 14, at 36 n.19; *see also* R. 25, 383–84 (PA Kubin noting that Plaintiff was "feeling intense fear [that] she w[ould] be harmed by [her] supervisor"). To support Plaintiff's disability claim, PA Kubin's moderate-to-

---

2       Plaintiff also contends that the "Magistrate Judge incorrectly characterized Plaintiff's argument with respect to the medical opinions as merely 'a request to re-weigh evidence.'" Dkt. No. 15, at 2 (quoting Dkt. No. 14, at 30). Plaintiff is admonished for making such an allegation. Contrary to Plaintiff's allegation, the R&R states that "the Commissioner asserts that the ALJ properly relied on substantial evidence and the Court should reject [P]laintiff's request to re-weigh evidence." Dkt. No. 14, at 30. As is clearly evident, the Magistrate Judge is not characterizing Plaintiff's argument but is instead summarizing the Commissioner's argument.

severe limitations needed to apply to Plaintiff's limitations at work *in general*, not solely at Plaintiff's prior job. *See* § 404.1520(a)(4)(iv)–(v) (requiring a plaintiff to prove they cannot perform their "past relevant work" nor "make [the] adjustment to other work"). According to PA Kubin, Plaintiff could return to work when there was a change in her work location. R. 383–84. Therefore, the ALJ correctly noted that Plaintiff's subjective fear of returning to her former job was not particularly relevant to whether she would experience the relevant limitations at jobs other than her previous employment. The nature of Plaintiff's fears, and not her credibility, informed the ALJ's decision. Accordingly, Plaintiff's objection is overruled.

### 2. The ALJ appropriately considered PA Kubin's clinical findings

Plaintiff also contends that the ALJ failed to address whether PA Kubin's opinion on those same limitations was supported by PA Kubin's clinical findings. Dkt. No. 15, at 3. For example, Plaintiff points to PA Kubin's observation that Plaintiff "was in treatment for psychosis and generalized anxiety disorder" and conclusion that Plaintiff's "absence from work was clinically necessary." *Id.* at 3. Plaintiff argues that the "ALJ's failure to explain how these supporting explanations impacted the medical opinion supportability analysis . . . constitutes clear error requiring remand." *Id.* However, Plaintiff misunderstands the applicable standard. While the ALJ must consider all relevant evidence, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in h[er] decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citation omitted); *see Kurley Ann J. v. Kijakazi*, No. 20-2341, 2021 WL 4750186, at *8 (D. Md. Oct. 12, 2021) ("[A]n ALJ need not mention every piece of evidence, so long as [s]he builds a logical bridge from the evidence to h[er] conclusion." (citation modified)); *see also Hunter v. Colvin*, No: 1:10-cv-401, 2013 WL 2122575, at *4 (M.D.N.C. May 15, 2013) ("Plaintiff only points to the ALJ's 'failure' to specifically mention certain evidence of record in rendering a

decision, yet, it is well established that an ALJ need not provide a written evaluation for each document in the record.") (citing *Brittain v. Sullivan,* No. 91–1132, 1992 WL 44817, *6 (4th Cir. March 11, 1992) (unpublished)). As the Magistrate Judge pointed out, the ALJ provided "many citations and references to the record . . . discussing [P]laintiff's medications, symptoms, treatment[,] and statements." Dkt. No. 14, at 38 (citing R. 18–27). The ALJ referenced a wealth of evidence that Plaintiff ignores. The Court also notes that the ALJ confirmed that she reviewed the entire record, and "absent evidence to the contrary, [this Court] take[s] her at her word." *Reid*, 769 F.3d at 865; *see also* R. 16 (the ALJ confirming that she "consider[ed] . . . the entire record"). This Court agrees that Plaintiff's argument is unfounded. The Court therefore overrules Plaintiff's objection and finds the ALJ's decision well supported.

**B. LCSW McMenamin**

LCSW McMenamin completed a mental health evaluation form for Plaintiff on September 29, 2021. R. 436–37. As the Magistrate Judge noted the "form does not indicate which practice LCSW McMenamin is associated [with] or the extent of any treatment she provided to [P]laintiff." Dkt. No. 14, at 14. In the form, LCSW McMenamin stated that Plaintiff was experiencing psychosis and had previously been diagnosed with post-traumatic stress disorder, generalized anxiety disorder, and major depressive disorder. R. 436. LCSW McMenamin also noted that Plaintiff experienced visual hallucinations and difficulty with her "linear memory." *Id.* at 437. In comparison to PA Kubin, LCSW McMenamin noted moderate-to-severe limitations in making simple decisions, completing tasks in a designated period without interruption, maintaining socially appropriate behavior, requesting assistance, responding appropriately to criticism, performing complex tasks on a sustained basis, and performing regular job functions. *Id.* LCSW McMenamin concluded the report by noting that Plaintiff would be able to return to work when

11

she "no longer ha[d] visual hallucinations and [wa]s able to complete complex tasks on her own."

*Id.*

> The ALJ found LCSW McMenamin's opinion not fully persuasive, stating:
>
> The opinion of [LCSW] McMenamin dated September 29, 2021, indicating moderate severe limitations in making simple decisions, completing tasks in a designated period without interruption, maintaining socially appropriate behavior, request assistance, and respond appropriately to criticism, performing complex tasks on a sustained basis, and performing regular job functions, is not persuasive. It appears that the source found these limitations to be temporary and planned to reassess her in December 2021. Although the source supported the opinion by indicating the claimant was currently experiencing psychosis and had been diagnosed with [post-traumatic stress disorder], [generalized anxiety disorder], [and major depressive disorder], the treatment records near that time indicated that the claimant's symptoms fluctuated in severity and frequency but were improving. Moreover, mental status examinations remained normal despite the claimant's complaints. The claimant responded well to medications and remained capable of performing a wide range of daily activities. Therefore, the opinion is not fully persuasive.

*Id.* at 26 (citation modified).

On appeal, Plaintiff argued that the ALJ erred in evaluating LCSW McMenamin's opinion in three ways: 1) concluding that LCSW McMenamin's opinion was not fully persuasive because it "appeared to be temporary"; 2) finding that LCSW McMenamin's opinions were contradicted by treatment records demonstrating Plaintiff's improvement over time; and 3) concluding that Plaintiff "remained capable of performing a wide range of daily activities" without defining the activities. Dkt. No. 11, at 16–17.

The Magistrate Judge rejected Plaintiff's arguments. As to whether LCSW McMenamin's opinion was supported by other evidence in the record, the Magistrate Judge noted that LCSW McMenamin only interacted with Plaintiff on a few occasions, generating only a two-page report. Dkt. No. 14, at 38–41. Given the limited nature of LCSW McMenamin's opinion and associated treatment records, the Magistrate Judge observed that "the ALJ's ability to assess the relevance

and strength of LCSW McMenamin's opinion was effectively hamstrung." *Id*. at 39. The Magistrate Judge concluded that the ALJ addressed the consistency factor by finding LCSW McMenamin's opinion inconsistent with treatment records because Plaintiff remained able to perform a wide range of daily activities. *Id.* at 40. The Magistrate Judge noted that the ALJ described the daily activities mentioned "in numerous places in the decision" and on that basis "substantial evidence support[ed] the ALJ's findings." *Id.* at 40–41.

Plaintiff objected to the Magistrate Judge's R&R, asserting the same arguments raised on appeal. Dkt. No. 15, at 4–11. Although these objections could be overruled on this basis, the Court has nevertheless reviewed the ALJ's conclusions *de novo*. *See Gregory H.*, 2019 WL 4280334, at *1 (citing *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010)) ("[A]n objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object."). Having done so, the Court overrules Plaintiff's objections and affirms the Magistrate Judge's R&R.

Plaintiff argues that the ALJ's conclusion regarding LCSW McMenamin's medical opinion was not supported by substantial evidence. The ALJ found LCSW McMenamin's medical opinion inconsistent with the "treatment records near the time" of Plaintiff's appointment with LCSW McMenamin. R. 26. Because "the treatment records near that time indicated that the claimant's symptoms fluctuated in severity and frequency but were improving," the ALJ found LCSW McMenamin's opinion was not fully persuasive.[3] *Id.* Plaintiff takes issue with the ALJ's characterization that her mental health was improving and provides nearly five pages of narrative

---

[3]     The moderate-to-severe limitations identified by LCSW McMenamin were in "making simple decisions, completing tasks in a designated period without interruption, maintaining socially appropriate behavior, request[ing] assistance, and respond[ing] appropriately to criticism, performing complex tasks on a sustained basis, and performing regular job functions." R. 26.

(repeated in its entirety from the briefing before the Magistrate Judge) detailing her fluctuating mental health status as proof that the ALJ's opinion was unsupported by the record. Dkt. No. 15, at 4–9. In other words, Plaintiff argues that the ALJ cherry-picked instances of improvement out of greater periods of poor mental health, and that those minor instances cannot overcome Plaintiff's well-documented mental health struggles. *Id.* at 9 (citing *Testamark v. Berryhill*, 736 F. App'x 395, 398–99 (4th Cir. 2018)).

The Court agrees with the Magistrate Judge that the records and references noted within the ALJ's decision establish that the ALJ's evaluation of LCSW McMenamin's medical opinion was supported by substantial evidence. For example, Plaintiff reported moderate improvements in her condition when she met with PA Kubin on June 9, 2021. R. 23, 413. On August 3, 2021, Plaintiff informed PA Kubin that she was "feeling so much better" as a result of new medications and was experiencing less anxiety and better sleep. *Id.* at 23, 419. These improvements remained consistent when they met again in September 2021. *Id*. at 23, 421. Notably, PA Kubin disagreed with most of LCSW McMenamin's moderate-to-severe limitations designations, marking the same limitations as either "none" or "mild." *Compare id.* at 25, 384 (PA Kubin's limitations), *with id.* at 26, 437 (LCSW McMenamin's limitations). As the Magistrate Judge noted, having already summarized these records elsewhere in the decision, the ALJ was not required to repeat them in the instant analysis. *See Crum*, 660 F. App'x at 457.

And, unlike the *Testamark* case cited by Plaintiff, the ALJ here did not "seize[] on insignificant inconsistencies in the treatment record while overlooking the record's broader import." *Testamark*, 736 F. App'x at 399. Instead, the ALJ reviewed the medical opinions of several treatment providers at length and drew well-supported conclusions based on her review. *See Britt v. Saul*, 860 F. App'x 256, 260 (4th Cir. 2021) (noting that more weight should be given

14

to medical examiners "who have provided ongoing treatment, equipping them with the ability to provide a detailed, longitudinal picture of a claimant's alleged disability" than those who have not) (citation modified). That Plaintiff would have resolved those differences in the opposite direction does not mean the ALJ's decision was unsupported.

Finally, Plaintiff argues that the ALJ erred by concluding that Plaintiff could "perform[] a wide range of daily activities" without identifying the activities. Dkt. No. 15, at 9. Plaintiff argues the Magistrate Judge compounded this error when he noted that the activities were listed elsewhere in the ALJ's decision. According to Plaintiff, the Magistrate Judge erred because listing the activities elsewhere does not allow the reviewing court to understand how the activities factored into the consistency analysis. *Id.* at 9–10. Plaintiff is mistaken. The ALJ does not have an obligation to continually repeat evidence after it is sufficiently described elsewhere in the decision. *See Crum*, 660 F. App'x at 457. Here, the ALJ's opinion included several examples of Plaintiff's ability to perform a wide range of daily activities. R. 18–20. For example, the ALJ noted that Plaintiff was able to act as a representative for her autistic son, file paperwork for her medical claims, and manage her personal finances. *Id.* at 19. The ALJ also noted that Plaintiff was able to drive and use her computer without assistance. *Id.* The ALJ was not required to repeatedly list these activities when analyzing LCSW McMenamin's medical opinion for consistency. Plaintiff's objection is overruled.

Having reviewed Plaintiff's objections, the Court has determined that the ALJ's analysis of PA Kubin and LCSW McMenamin's medical opinions was supported by substantial evidence and applied the applicable law and standards correctly.[4]

---

[4]    Finally, Plaintiff argues, both on appeal and in her objection, that "the ALJ could not have properly evaluated [Plaintiff's] self-described limitations if [the ALJ] did not adequately consider the medical opinion evidence to begin with." Dkt. No. 15, at 11. The Court, like the Magistrate

## IV.    CONCLUSION

For the reasons outlined above, the Court will overrule Plaintiff's objections to the R&R and deny Plaintiff's Motion for Appeal of the Commissioner's Final Decision and Request for Remand, Dkt. No. 11. Accordingly, the Court will adopt the Magistrate Judge's R&R, Dkt. No. 14, and affirm the Commissioner's final decision.

An appropriate order shall issue.

_____ /s/_____

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: <u>March 31, 2026</u>

---

Judge, rejects this argument. *See* Dkt. No. 14, at 41. As explained above, the Court has concluded that the ALJ did not err in her examination of the medical opinions, including by properly evaluating Plaintiff's claims for consistency with the medical opinions and evidence in the record.

16